# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2085 | **DATE** | 7/23/2010 |
| **CASE TITLE** | | UNITED STATES *ex rel.* KEVIN DUGAR v. DAVE REDNOUR | |

**DOCKET ENTRY TEXT**

Respondent's motion to dismiss ~~the~~ petition for ~~the~~ a writ of habeas corpus [11] is granted. Petitioner is granted leave to file his belated response to respondent's motion to dismiss [19]. Petitioner is denied a certificate of appealability for the reasons stated below. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Kevin Dugar is serving a fifty-four year sentence at the Menard Correctional Center in Menard, Illinois for his state court conviction of first degree murder, attempted murder and aggravated battery with a firearm. The Illinois Appellate Court, First District affirmed his conviction on July 27, 2007. *People v. Dugar*, No. 1-05-1669 (Ill. App. Ct. 2007), filed in this case as Exhibit A at 18. The Illinois Supreme Court denied his petition for leave to appeal ("PLA"), on January 30, 2008. Ex. B at 1. He did not file a petition for writ of *certiorari*. On July 28, 2008, he filed a postconviction petition, which the Circuit Court of Cook County denied on October 28, 2008. Ex. C at 1. Dugar had thirty days from the denial of the postconviction petition to file an appeal. *See* Ill. Sup. Ct. Rules 606(b) & 651(d). However, he did not file an appeal in the correct court until after January 16, 2009, and his appeal was denied for untimeliness. *See* Ex. E at 1. On March 26, 2010, Dugar petitioned *pro se* for a writ of *habeas corpus* under 28 U.S.C. § 2241. Subsequently, Dave Rednour replaced Donald Gaetz as both Warden of the Menard Correctional Center, and as "respondent" in this case.

Rednour moves to dismiss the *habeas corpus* petition as untimely under § 2241. 28 U.S.C. § 2241(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, provides that a state prisoner must file a petition for writ of *habeas corpus* within one year from the date on which his conviction became final, excluding the time that a properly filed petition for state post-conviction or other collateral relief is pending. U.S.C. § 2241(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Dugar's petition is untimely. His conviction became final under § 2241(d)(1)(A) on April 29, 2008, ninety days after the Illinois Supreme Court denied his PLA. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). His petition was due in district court on or before July 30, 2009; however, he did not file his petition until March 26, 2010, some 238 days later. Even accounting for the tolled time when his postconviction proceedings

| Courtroom Deputy Initials: | air |
|---|---|

were pending (July 28, 2008 to October 28, 2008), Dugar still waited 604 untolled days after his conviction became final before he filed his *habeas* corpus petition.

Dugar contends that from October 28, 2008 until September 30, 2009, the statute of limitations should have been tolled under U.S.C. § 2241(d)(1)(B). Section 2241(d)(1)(B) would permit Dugar to file his petition within one year from the date on which an impediment created by State action in violation of the Constitution or the laws of the United States prevented him from filing a petition earlier. Dugar claims he did not receive notice about his denied postconviction petition until December 12, 2008, and this late notice constituted an "impediment" under § 2241(d)(1)(B). Dugar maintains that because of the late notice, his appeal and subsequent appeals, which lasted until March 5, 2009, were untimely and thus not deemed "properly filed" for purposes of statutory tolling under § 2241(d)(2). However, it took Dugar over 30 days to file an appeal in the correct state appellate court, and this untimeliness doomed the "properly filed" requirement for statutory tolling. A "properly filed" appeal is one that is submitted according to the state's procedural rules, including the time and place of filing. *See Pace*, 544 U.S. at 413. Although neither § 2244 nor the Seventh Circuit defines what constitutes an "impediment" for purposes of § 2241(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition. *Lloyd v. Vannatta*, 296 F.3d 630, 633 (2002). Dugar's late notice did not make it nearly impossible for him to file his petition. *See id.* at 633. The Supreme Court has recognized that a prisoner seeking postconviction relief in circumstances where the operation of the limitations period is unclear may file a protective petition in federal court and ask the federal court to stay and abey the federal *habeas corpus* proceedings until state remedies are exhausted. *Pace*, 544 U.S. at 416. If Dugar had been unsure how his pursuit of state remedies impacted his right to federal *habeas corpus* relief, he could have filed a petition in district court after his postconviction appeal was denied. Therefore, Dugar is not entitled to tolling under § 2244(d)(1)(B).

Dugar nevertheless asks the court to apply the doctrine of equitable tolling to excuse his untimely filing. The Supreme Court has taken a strict approach to equitable tolling. *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005). For the doctrine to apply, Dugar must demonstrate: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, No. 09-5327, 2010 WL 2346549 (U.S. June 14, 2010), at *12 (quoting *Pace*, 544 U.S. at 418). Dugar is unable to establish either prong. In terms of diligence, he does not elucidate any follow-up actions or inquiries he made to determine the status of his postconviction petition. Once he became aware his postconviction petition had been denied and his state court appeals may not be deemed "properly filed" for purposes of statutory tolling, he could have filed a protective *habeas corpus* petition. *See Pace*, 544 U.S. at 416. Instead, he waited until March 26, 2010 (over 514 untolled days after the conclusion of his postconviction proceedings), to file his petition. Additionally, Dugar argues late notice about his denied postconviction petition constituted an extraordinary circumstance; yet, even if Dugar received late notice, he could have filed a protective petition in district court. Lack of knowledge of the law is not an extraordinary circumstance deserving of equitable tolling. *See Arrieta v. Battlaglia*, 461 F.3d 861, 867 (7th Cir. 2007). Dugar's delay does not demonstrate diligence or an extraordinary circumstance, and equitable tolling is not warranted.

Because Dugar's petition for writ of *habeas corpus* is deemed untimely under § 2244(d)(1), the motion to dismiss is granted. Rednour's motion to deny Dugar's request for a certificate of appealability is granted. Dugar cannot make a substantial showing that his constitutional rights were denied. *See* 28 U.S.C. § 2253(c)(2). He also cannot demonstrate that jurists of reason would find it debatable whether the petition for *habeas corpus* is time-barred. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

*Suzanne B. Conlon*